UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HEALTH & WELFARE and ANNUITY    :
FUNDS OF THE UNITED FOOD &    :
COMMERCIAL WORKERS LOCAL 2013,   :
AFL-CIO, *by their trustees Louis Mark*   :
*Carotenuto and Stanley Fleishman,*   :
                                    :   **MEMORANDUM DECISION AND**
               Plaintiffs,    :   **ORDER**
                                      :
        - against -         :   25-cv-6652 (BMC)
                                      :
134-54 MAPLE AVENUE TENANTS     :
CORP.,                             :
                                      :
              Defendant.    :
-----------------------------------------------------------X

**COGAN**, District Judge.

This case is before the Court on plaintiffs' motion for a default judgment. Plaintiffs seek to vindicate their contractual rights by way of this lawsuit. To vindicate those rights, defendant must comply with an audit to determine the amount of money owed, after which plaintiffs would seek that amount as damages. If defendant participated in this lawsuit, this would be addressed in discovery. But defendant has defaulted, and the Court cannot gauge the damages to which it should award plaintiffs without the audit having been conducted. Thus, it appears that defendant, by defaulting, actually gained an advantage. To prevent such an absurd result, plaintiffs' motion is granted in part, and the Court reserves decision on the remainder of the motion.

## BACKGROUND

Plaintiffs are two multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186(c). Defendant is a party to a collective bargaining agreement ("CBA") with

plaintiffs.  Pursuant to the CBA, defendant is liable under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, and Section 301 of LMRA, 29 U.S.C. § 185, for contributions to the trust funds for the benefit of certain of defendant's employees.

Relevant here, the CBA gives plaintiffs "the right . . . to examine the books and records of [defendant] to determine the wages and hours worked of employees."  Likewise, the relevant trust agreements empower plaintiffs to "examine and audit the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary . . . in connection with the proper administration of the Fund."  The agreements provide for attorneys' fees whenever "the Fund is successful" in "a legal proceeding to collect a delinquent contribution."  These rights are codified in ERISA as well.  See 29 U.S.C. § 1059(a) (audit requirement); id. § 1132(g)(2)(D) (attorneys' fees).

Plaintiffs apparently had reason to believe that defendant was delinquent in its contributions, and demanded an audit of defendant's employee records to make that determination.  Defendant failed to respond, in violation of its contractual and statutory obligations, and plaintiffs sued.

## DISCUSSION

The complaint alleges three causes of action: breach of contract relating to the audit demand (Count 1); breach of contract relating to delinquent contributions (Count 2); and breach of ERISA relating to the audit requirement and delinquent contributions (Count 3).

Defendant was properly served but has not answered or otherwise appeared in this action, and the time to do so has expired.  The Clerk entered defendant's default pursuant to Fed. R. Civ. P. 55(a), and plaintiffs have moved for a default judgment.  In light of defendant's default, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true.

2

## I.  Equitable Relief

As to Count 1, plaintiffs seek an order compelling defendant to comply with their audit demand, which is a common remedy in ERISA cases.  See, e.g., La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 349 (E.D.N.Y. 2009) ("Plaintiffs seek an Order requiring defendant to comply with the CBA and Trust Agreement and with ERISA by submitting to an audit of the relevant books and records.").  "Injunctive relief is appropriate [because] in a successful action to enforce the requirements of ERISA, [plaintiff] may recover 'such other legal or equitable relief as the court deems appropriate.'"  Id. (quoting 29 U.S.C. § 1132(g)(2)(E)).

## II.  Monetary Damages

As to Counts 2 and 3, plaintiffs seek an award of damages for delinquent contributions.  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted).  Rule 55(b)(2) provides that when considering a default judgment, the district court may hold a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Such a hearing is unnecessary so long as the Court has "ensured that there was a basis for the damages specified in the default judgment," Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted), such as by relying on detailed affidavits and documentary evidence.

In this case, however, plaintiffs cannot provide detailed affidavits or documentary evidence because defendant has refused to comply with the audit.  Consequently, a one-sided hearing on the matter would be equally fruitless.  Thus, absent the audit, the Court cannot gauge

the monetary damages, if any, to which plaintiffs would be entitled (and, although unlikely, the audit might reveal that defendant actually owes nothing).

As a remedy, plaintiffs propose that, as part of the default judgment, they be given the right to "reopen" the case or "amend" the judgment to seek those "updated" damages. Some courts have issued judgments in the fashion proposed by plaintiffs. See, e.g., Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Eng'rs Loc. v. C.M. Ashland Constr., 714 F. Supp. 3d 167, 183 (E.D.N.Y. 2024) ("Plaintiffs [are] permitted to seek an amended judgment . . . for any delinquent contributions."), judgment amended, 780 F. Supp. 3d 405, 409 (E.D.N.Y. 2025) (granting "plaintiffs' motion for amended judgment [for, inter alia,] $16,002.25 in delinquent ERISA contributions").[1] None of these cases, however, cite any authority for doing so.

The problem with plaintiffs' proposed approach is that a default judgment is a final judgment, see City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011), so "updating" the damages would require amending the judgment under Rule 59(e) or reopening the case under Rule 60(b), see L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc., 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013) ("[A]s an alternative to Rule 59(e), Rule 60(b) permits a court, in its discretion, to rescind or amend a final judgment.").

Rule 59(e) is not a mechanism for interim relief. See Ong v. Chipotle Mexican Grill, Inc., 329 F.R.D. 43, 50 (S.D.N.Y. 2018) ("A party seeking relief under Rule 59(e) must show

---

[1] See also Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers v. Rizzo Env't Servs. Corp., No. 22-cv-00556, 2022 WL 1460585, at *5 (E.D.N.Y. May 9, 2022) ("Upon the completion of the audit, plaintiff should be permitted to apply to this Court for additional relief as provided for under ERISA and the LMRA."); Annuity, Pension, Welfare & Training Funds of Int'l Union of Operating Eng'rs v. Marbro Realty Co. Inc., No. 11-cv-5722, 2012 WL 3536499, at *6 (E.D.N.Y. July 16, 2012) ("[I]f [plaintiffs] determine that [defendant] failed to properly contribute to the Funds, the[y] should be permitted to ask the Court for additional relief, with proper evidentiary support.").

that the court 'overlook[ed] controlling decisions or factual matters that were put before it on the underlying motion [that] might have reasonably altered the result before the court.").  The Court is not overlooking anything because there is nothing to overlook – the facts are simply not known yet.

Rule 60(b) is likewise not a mechanism for interim relief.  See Fed R. Civ. P. 60(b)(1)-(5) (applying to, *inter alia*, mistake, excusable neglect, and newly discovered evidence that could not have been discovered with reasonable diligence).  And as to the final subsection, "only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall."  BLOM Bank SAL v. Honickman, 605 U.S. 204, 206 (2025).  A foreseeable consequence of the audit (*i.e.*, the amount owed in delinquent contributions) is hardly an extraordinary circumstance.  Cf. Martin v. City of N.Y., 793 F. Supp. 2d 583, 586 (E.D.N.Y. 2011) (reasoning that events that are "extraordinary under the circumstances" are "not foreseeable in the normal course of events").

Nonetheless, plaintiffs' proposed course of action – compelling an audit with some means to return to court to seek delinquent contributions as damages – is really the only way to vindicate their rights.[2]  And relegating this to discovery would be futile; if defendant ignored a duly served summons, the same can be expected for a discovery demand.  So, rather than cast plaintiffs into a legal quagmire, the Court will issue a partial judgment.[3]

---

[2] Usually, there is a default formula built into the ERISA plan that allows a plaintiff to calculate an assumed amount of damages in the event that the employer refuses to comply with an audit or fails to keep adequate employee records.  See, e.g., Gesualdi v. J.H. Reid, 198 F. Supp. 3d 211, 219 (E.D.N.Y. 2016) ("Under the Trust Agreement, where defendant fails to submit the required remittance reports and/or the pertinent books and records to the Funds . . . the employer shall pay an increased monthly contribution based on the formula set forth in the Trust Agreement.").  There is no such default formula in the agreements in this case.

[3] True, defendant may just as easily ignore a duly served order of partial judgment from this Court.  But unlike with a discovery demand, the agreements here allow plaintiffs to recover attorneys' fees for prevailing in any action to enforce the agreements.  A partial judgment like this creates a lien "for the amount necessary to satisfy the judgment, including costs and interest," see 28 U.S.C. § 3201(a), which will allow plaintiffs to execute on defendants' assets. As plaintiffs' counsel represented at a hearing on this issue, this "usually gets [defendants'] attention."

5

## III.   **Partial Judgment & Attorneys' Fees**

Under Rule 54(b), when "an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to . . . fewer than all[] claims . . . if the court expressly determines that there is no just reason for delay."  Thus, "[f]or a proper entry of partial final judgment under Rule 54(b), three requirements must be satisfied."  Info. Res., Inc. v. Dun & Bradstreet Corp., 294 F.3d 447, 451 (2d Cir. 2002).  Relevant here, those requirements are: "(1) multiple claims . . . must be present, (2) at least one claim . . . must be finally decided . . . , and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment."  Id. (quoting Ginett v. Comput. Task Grp., Inc., 962 F.2d 1085, 1091 (2d Cir. 1992)).

*Multiple Claims*.  For "Rule 54(b) purposes[,] whether multiple claims are present turns on whether the issues are 'separate and distinct.'"  Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co., 769 F.3d 135, 141 (2d Cir. 2014) (quotations omitted).  In this case, there are three claims: two for breach of contract, and one for violating ERISA.[4]  One of the contract actions is predicated on plaintiffs' right to audit defendant's books, and the other is predicated on plaintiffs' right to monetary contributions from defendant.  Because the "operative facts which give rise to [each] right" are mutually exclusive, see Gottesman v. Gen. Motors Corp., 401 F.2d 510, 512 (2d Cir. 1968), the claims are separate and distinct.

*Finally Decided*.  A claim is "finally decided" if "the decision 'ends the litigation of that claim on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim.'"  Ginett, 962 F.2d at 1092 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463,

---

[4] The ERISA violations are essentially based on the same predicate facts as the other two claims, and thus it is just another legal theory of recovery.  Thus, the ERISA claim is likely not separate and distinct from the contract claims. See Acumen, 769 F.3d at 141("'[W]hen a claimant presents a number of legal theories, but will be permitted to recover only on one of them,' there exists only a single claim").

6

467 (1978)) (alterations adopted).  As to Count 1, it is clear from the deemed-true allegations in the complaint that defendant has violated its contractual obligation to comply with plaintiffs' audit demand.  And plaintiffs seek only equitable relief and attorneys' fees on this claim.[5]  Thus, after determining whether the requested attorneys' fees are reasonable, see *infra*, there is nothing left for the Court to do but execute the judgment.  Accordingly, the claim is finally decided.

*No Just Reason for Delay*.  "Case law dictates that 'a district court cannot merely announce that "there is no just reason for delay" . . . Rather, its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion.'"  In re Chateaugay Corp., 928 F.2d 63, 64 (2d Cir. 1991) (quoting Pension Benefit Guarantee Corp. v. LTV Corp., 875 F.2d 1008, 1014 (2d Cir. 1989)).  In this case, delaying resolution would effectively estop plaintiffs from recovering.  The audit and attorneys' fees (as to Count 1) cannot be compelled without an order, and the order (as to Counts 2 and 3) cannot be issued without the audit.  Because the equitable relief sought as to Count 1 will enable the Court to resolve the damages as to Counts 2 and 3, the Court finds no just reason for delay in granting plaintiffs' motion as to Count 1.

Lastly, plaintiffs seek $2,809.00 in attorneys' fees and costs.  Considering the nature of the case and time expended, the Court finds this amount reasonable.  The rates charged ($318/hour for partner) are below the rates typically charged in this district and the amount of expended (7.0 hours) was efficient.  See Restrepo v. Mech. Elec. Corp., 806 F. Supp. 3d 323, 332 (E.D.N.Y. 2025) ("$410 per hour [for] a partner . . . who regularly represents multiemployer benefit plans in ERISA and LMRA litigation [is] reasonable").

---

[5] Unlike the unascertainable damages for Counts 2 and 3, attorneys' fees in this case are "liquidated damages that are easily calculable" and the Court can "defer[] consideration of other damages."  See Johannes Baumgartner Wirtschafts und Vermogensberatung GMBH v. Salzman, No. 8-cv-2582, 2010 WL 3937270, at *2 (E.D.N.Y. Sept. 30, 2010).

## CONCLUSION

Plaintiffs' motion for a default judgment is granted under Fed. R. Civ. P. 54(b) as to Count 1 of the complaint, and decision is reserved on the remainder of the motion pending completion of the audit.  The Court will enter a separate judgment in favor of plaintiffs and against defendant.

**SO ORDERED.**

*Brian M. Cogan*

Dated:  Brooklyn, New York                                   U.S.D.J.
       March 27, 2026

8